**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THEREASE ANITA MILES,

      Plaintiff,

v.                                                   Case No. 3:25-cv-1006-MMH-MCR

ATTORNEY CHARLIE JAMES
GILLETTE, JR.,

      Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant, Attorney Charlie James Gillette Jr's Motion to Dismiss Amended Complaint (Doc. 22; Motion), filed October 14, 2025. In the Motion, Gillette seeks dismissal of the claims Plaintiff, Therease Anita Miles, brings against him in her Amended Complaint for Violation of Civil Rights (Doc. 13; Amended Complaint), filed September 29, 2025. Miles filed a response in opposition to the Motion. See Therease Anita Miles Motion to Oppose Defendant, Attorney Gillette Jr's Request to Dismiss Amended Complaint (Doc. 38; Response), filed November 25, 2025.[1] Accordingly, this matter is ripe for review.

---

[1] Because it was unclear whether Gillette properly served Miles with the Motion, the Court directed him to mail her a copy and gave her until December 5, 2025, to file a response. See Order (Doc. 35), entered November 13, 2025.

## I.    Background[2]

On August 10, 2023, Miles tripped and fell in a hole at an apartment complex, injuring her ankle. See Amended Complaint ¶¶ 6, 12, 13, 21. She engaged Gillette, an attorney, to represent her in a civil action arising from the incident. Id. ¶¶ 6, 26. At Gillette's request, Miles disclosed sensitive personal information in response to the opposing parties' interrogatories. Id. ¶ 26. After doing so, she began receiving unknown bills, was spied on, and had her computer hacked. Id. ¶ 27. Over time, Miles's relationship with Gillette deteriorated. See id. ¶¶ 26, 29, 34. According to Miles, Gillette was often hostile and condescending to her. Id. ¶ 29. And Miles finds fault in Gillette's investigation of the case, his handling of settlement discussions, and his ultimate withdrawal from representing her in the case. Id. ¶¶ 32–44.[3]

The claims Miles seeks to assert are difficult to identify, and she does not bring claims in numbered counts. See generally id. Under a heading titled "Cause of Action," she states that she "brings this action under 42 U.S.C. § 1983,

---

[2] In considering the Motion, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to Miles, and accept all reasonable inferences that can be drawn from such allegations. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Amended Complaint and may well differ from those that ultimately can be proved.

[3] Miles also alleged that defense counsel in her case, Attorney Robert Ely Williams, was liable for certain misconduct during the case. See Amended Complaint ¶¶ 26, 27, 32, 33. On December 30, 2025, the Court dismissed the claims against Williams without prejudice for failure to prosecute. See Order (Doc. 41).

alleging that [Gillette], acting under color of state law, violated [her] First Amendment rights." Id. ¶ 5. She contends that the Court "has jurisdiction over this action under 42 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 (civil rights violations)." Id. ¶ 3.[4] She does not identify any other bases of jurisdiction or identify any particular provision of the First Amendment implicated by her allegations. See generally Amended Complaint. Near the end of the Amended Complaint, Miles includes a section titled "Legal Basis for Complaint," in which she states "[t]his action is brought pursuant to 'Conspiracy to Defraud.'" Id. at 15. She also identifies a litany of allegedly wrongful actions, including misrepresentation, "[i]mproper disclosure of [c]onfidential [i]nformation," "[f]ailure to present evidence," "[f]abricating or withholding documents," and "[m]isleading testimony." Id. at 15–16. And she cites three state statutes, Florida Statutes sections 777.04(3), 817.034, and 817.234. Id. at 16. But, it does not appear that Miles intends to assert any claims under these statutes. See generally id. As relief, Miles demands "$5,000 from each Defendant[] or whatever relief the Court deems appropriate that is fitting for both Defendant's crime and relief to prevent future violations of [her]

---

[4] In citing 42 U.S.C. § 1331, it appears that Miles meant to cite 28 U.S.C. § 1331. Indeed, no 42 U.S.C. § 1331 exists, and 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

rights." Id. at 16. She also requests "to have [the defendants'] disciplinary actions made public on the FL Bar Association website." Id.

## II.   Legal Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation and quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal[]") (quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678–79. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[,]" Alford v. Consol. Gov't, 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir.

1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).[5]

### III.    Discussion[6]

Gillette contends this action should be dismissed because Miles fails to adequately allege facts showing that he acted under color of state law. <u>See generally</u> Motion. In the Response, Miles does not substantively address this argument. <u>See generally</u> Response. Upon review, the Court concludes that Miles's § 1983 claim is due to be dismissed because Miles fails to allege facts making it plausible that Gillette acted under color of state law.[7]

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[6] As noted, while Miles cites provisions of state law in her Amended Complaint, she does not appear to bring any claims under state law. <u>See generally</u> Amended Complaint. In the Motion, in contending that the Amended Complaint should be dismissed, Gillette addresses only § 1983. <u>See generally</u> Motion. In the Response, Miles does not contest the characterization of her action as arising under § 1983 only. <u>See generally</u> Response. And in the Amended Complaint, Miles specifically states that she "brings this action under 42 U.S.C. § 1983" against Gillette for violating her First Amendment rights. <u>See</u> Amended Complaint ¶ 5. Moreover, even liberally construing Miles's allegations, her passing reference to state statutes or principles would fail to state a plausible claim for relief. As such, in resolving the Motion, the Court considers only the § 1983 claim that Miles has affirmatively pled.

[7] In the Response, Miles discusses the Sixth Amendment, the Due Process Clause, and a constitutional right to privacy to support a connection between her claim and the constitution. <u>See</u> Response at 2–3. Miles did not plead any claim for a violation of these rights in her Amended Complaint, and the Court will not consider them. However, even if the Court were to consider these theories, the claims would still fail because, as with her First Amendment claim, Miles fails to plead any facts supporting a plausible inference that Gillette acted under color of state law.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) the defendant deprived her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Indeed, as the text of § 1983 "makes clear, this provision protects against acts attributable to a State, not those of a private person." Lindke v. Freed, 601 U.S. 187, 194 (2024). For a private party's actions to be attributable to a State,

> one of the following three conditions [must be] met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Comm'cns Workers of Am., 860 F.2d 1022, 1026–27 (11th

Cir. 1988)) (second and third alterations in original). Importantly, in <u>Polk County v. Dodson</u>, the Supreme Court held that a public defender did not satisfy the state action requirement when representing a criminal defendant in an appeal. <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 318–24 (1981). The Court explained that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." <u>Id.</u> at 318; <u>see also</u> <u>id.</u> at 319 n.9 ("Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" (quoting <u>In re Griffiths</u>, 413 U.S. 717, 729 (1973))).

Here, the conduct Miles challenges is solely related to Gillette's legal representation of Miles in her trip-and-fall case. But a lawyer's representation of a client is not action under color of state law for § 1983 purposes. <u>See</u> <u>Dodson</u>, 454 U.S. at 318. Indeed, the link between Gillette and the State is even more attenuated than the connection between the public defender and the State in <u>Dodson</u>, which the Supreme Court found insufficient to state a claim under § 1983. And Miles alleges no facts that would permit the Court to hold Gillette responsible as a private party under one of the three avenues identified in <u>Rayburn</u>. <u>See</u> <u>Rayburn</u>, 241 F.3d at 1347. Because the Amended Complaint

lacks even the barest hint that Gillette was clothed with state authority when taking the challenged acts, Miles's § 1983 claim is due to be dismissed.[8]

Accordingly, it is

**ORDERED:**

1. Defendant, Attorney Charlie James Gillette Jr's, Motion to Dismiss Amended Complaint (Doc. 22) is **GRANTED**.

2. This action is **DISMISSED WITH PREJUDICE**.

---

[8] Because the Court concludes that Gillette did not act under color of state law when representing Miles, the Court need not and does not determine whether he deprived Miles of a right secured by the First Amendment. Gillette mentions this issue in only a perfunctory way. See Motion at 2. However, the Court notes that Miles does not explain, and the Court cannot discern, any connection between Miles's allegations and a right secured by the First Amendment.

As noted, it is difficult to discern from the Amended Complaint what claims Miles intends to bring against Gillette. For this reason—and because the pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"—the Amended Complaint is a "shotgun pleading" of the kind the Eleventh Circuit has consistently condemned. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). Ordinarily, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997) (admonishing district court for not striking shotgun complaint on its own initiative). Here, the Court concludes that granting Miles leave to amend her Amended Complaint to correct any pleading deficiencies would be futile because any § 1983 claim she would assert against Gillette would still be subject to dismissal for lack of state action.

3.      The Clerk of the Court is **directed** to **enter judgment**, **terminate** any remaining motions and deadlines as moot, and **close** the case.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record